**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SENTINEL MANAGEMENT GROUP, INC., | ) | Case No. 07 B 14987 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |
| | ) | |

**ORDER PURSUANT TO SECTIONS 363(B)(1) AND 363(F) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002(A)(1) AND 6004(F)(1), AUTHORIZING THE TRUSTEE TO SELL CERTAIN SPORTS EVENT SEASON TICKETS VIA ONLINE AUCTION**

This matter coming before the Court on the motion (the "Motion") of Frederick J. Grede (the "Trustee"), chapter 11 trustee for debtor Sentinel Management Group, Inc. (the "Debtor"), for entry of an order pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and Rules 2002(a)(2) and 6004(f)(1) of the Federal Rules of Bankruptcy Procedure, authorizing the Trustee to sell Chicano Bears and Chicago White Sox season tickets (the "Tickets") via online auctions on StubHub at www.stubhub.com; this Court finding that due and proper notice has been given under the circumstances; the Court being fully advised in the premises of the Motion, having jurisdiction over this core proceeding, and good cause appearing therefore; it appearing that the relief requested therein is in the best interest of the Debtor's creditors and estate, now therefore

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

A. The Tickets are property of the Debtor's estate pursuant to section 541 of the Bankruptcy Code.

B. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 2002, 6004, and 9014, other provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court, orders of the Bankruptcy Court, and other applicable law. The Court finds that such notice was good and sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D. The relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interests.

E. The proposed auction of the Tickets on StubHub is reasonable and appropriate under the circumstances.

F. The proposed auction through StubHub ensures that sales of the Tickets will be negotiated, proposed and entered into by the Trustee and the buyers without collusion, in good faith, and from arm's-length bargaining positions, nor will the Trustee or the buyers be able to engage in any conduct that would cause or permit the auction sales to be avoided under 11 U.S.C. § 363(n).

G. All buyers of the Tickets through StubHub will be deemed to be good faith purchasers under 11 U.S.C. § 363(m) and, as such, each such buyer is entitled to all of the

protections afforded thereby. Each buyer will be acting in good faith within the meaning of 11 U.S.C. § 363(m).

H. The sale of the Tickets will be a legal, valid, and effective transfer of the Tickets and will vest each buyer with all right, title, and interest of the Debtor to the Tickets free and clear of any Interests, with all Interests, if any, to attach to the proceeds of the sale.

I. Buyers shall purchase the Tickets free and clear of all Interests pursuant to 11 U.S.C. § 363(f).

J. The Trustee may sell the Tickets free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted in its entirety.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3. The auction of the Tickets on StubHub and any resulting sale is approved in its entirety. The Trustee be and hereby is authorized to conclude all such sales and is authorized to execute all documents and take all actions necessary to finalize each sale.

4. Pursuant to 11 U.S.C. § 363, the Trustee is hereby authorized to sell the Tickets in accordance with the terms and conditions of this Order. The proposed auction and sale of the Tickets shall be conducted in accordance with the provisions of this Order and StubHub's standard auction procedures.

5. The Trustee may allow any Tickets that cannot be sold at the online auction conducted StubHub to be sold, donated, or otherwise disposed of in the Trustee's sound discretion.

6. Any and all Interests in the assets of the Debtor sold pursuant to the terms of this Order shall attached to any sale proceeds immediately upon receipt of such proceeds by the Trustee (or any party acting on the Debtor's behalf) in the order of priority, and with the same validity, force and effect, which they had against such assets as of the consummation of the sale, subject to any rights, claims, and defenses of the Trustee or the Debtor's estate may possess with respect thereto.

7. The Trustee is authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. As provided by Federal Rule of Bankruptcy Procedure 6004(g), this Order shall not be stayed for 10 days after the entry of the Order and shall be effective and enforceable immediately upon entry of this Order.

10. Charles Mosley shall cooperate with the Trustee to cause the Chicago Bears to reissue the four Bears tickets and the two parking passes to the Trustee.

11. The Trustee shall cooperate with Charles Mosley to cause the Chicago Bears to reissue the two Bears tickets and one parking pass to Charles Mosley.

Dated: Chicago, Illinois
September 11, 2007

John H. Squires

THE HONORABLE JOHN H. SQUIRES
UNITED STATES BANKRUPTCY JUDGE



1573460.3