**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 07-14987 |
| | ) | |
| SENTINEL MANAGEMENT GROUP, | ) | Chapter 11 |
| INC. | ) | Honorable John H. Squires |
| | ) | |
| Debtor. | ) | |

**FINAL FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF SENTINEL MANAGEMENT GROUP, INC. FOR THE PERIOD
FROM SEPTEMBER 11, 2007 THROUGH AND INCLUDING DECEMBER 17, 2008**

Quinn Emanuel Urquhart Oliver & Hedges, ("Quinn Emanuel"), co-counsel to the

Official Committee of Unsecured Creditors (the "Committee") of Sentinel Management Group,

Inc. ("Sentinel"), pursuant to Section 330 of the United States Bankruptcy Code, submits this

Final Fee Application (the "Application") for Allowance of Compensation for Services Rendered

and Reimbursement of Expenses Incurred as Co-Counsel to the Official Committee of

Unsecured Creditors for the Period From September 11, 2007 Through and Including December

17, 2008 (the "Final Application Period") and respectfully requests that this Court enter an order

awarding Quinn Emanuel interim compensation of $1,130,358.50 for professional services

rendered to the Committee during the Final Application Period and also award Quinn Emanuel

an additional $73,830.53 for ordinary and necessary expenses incurred during the Final

Application Period.  In support of the foregoing requests, Quinn Emanuel states as follows:

**I.      FACTUAL BACKGROUND**

1.      On August 17, 2007 (the "Petition Date"), Sentinel filed a voluntary petition in

this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11

61121/2747648.1

U.S.C. §§ 101 et seq. (the "Bankruptcy Code") commencing the above-captioned chapter 11 case

(the "Chapter 11 Case").

2.      On August 29, 2007, the Court entered the order approving the appointment of

Frederick J. Grede as Chapter 11 Trustee (the "Trustee").  The Trustee continues to manage and

administer the assets of Sentinel's estate pursuant to Sections 1107(a) and 1108 of the

Bankruptcy Code.

3.      On September 6, 2007 the United States Trustee filed with the Court its Notice of

Appointment of the Committee.  Thereafter, the Committee met and retained Quinn Emanuel

and DLA Piper USA LLP ("DLA") to represent it.

4.      On May 12, 2008, the Committee and the Trustee (collectively, the "Plan

Proponents") filed the Chapter 11 Plan of Liquidation (as amended, the "Plan").  On December

15, 2008, the Court entered an order confirming the Plan (the "Confirmation Order"), and on

December 17, 2008, all conditions precedent having been satisfied or waived, the Plan became

effective (the "Effective Date").

## II.      JURISDICTION

5.      This Court has jurisdiction over the Application under 28 U.S.C. § 1334.  This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory base for the relief requested herein is Section 330 of the Bankruptcy

Code.

## III.     QUINN EMANUEL'S RETENTION; THE ADMINISTRATIVE ORDER; PRIOR FEE REQUESTS

7.      On September 27, 2007, this Court entered that certain Order Pursuant to 11

U.S.C. § 1103 and Federal Rules of Bankruptcy Procedure 2014 and 5002 Authorizing Retention

and Employment of Quinn Emanuel as counsel to the Official Committee of Unsecured

Creditors, effective as of September 11, 2007.

8.      On November 8, 2007, this Court entered that certain Administrative Order

Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals, the Trustee and Committee Members (the

"Administrative Order").

9.      Pursuant to the Administrative Order, Quinn Emanuel and other professionals

retained in this case are authorized to file and serve upon parties identified in the Administrative

Order monthly fee applications (the "Monthly Fee Statement").  Upon expiration of a 20-day

objection period specified in the Administrative Order, if no objection is received, the Trustee is

authorized to pay Quinn Emanuel and other professionals eighty percent (80%) of the fees and

one hundred percent (100%) of the expenses requested in each Monthly Fee Statement.  If an

objection is received, then the Trustee is authorized to pay eighty percent (80%) of the fees and

one hundred percent (100%) of the expenses that are not the subject of the objection.  Thereafter,

at four month intervals or at such other intervals as the Court may otherwise direct, each

professional must file with the Court and serve on the required notice parties an interim request

(an "Interim Fee Application Request") for Court approval and allowance of all amounts

requested during that interim fee period.

10.     On January 30, 2008, Quinn Emanuel filed its first Interim Fee Application

Request (the "First Fee Application") seeking allowance of fees in the amount of $468,125.50

and reimbursement of expenses in the amount of $46,771.04.  On February 28, 2008, the Court

entered an order allowing fees in the amount of $436,755.50 and reimbursement of expenses in

the amount of $8,735.88.  Subsequently, on April 15, 2008, the Court entered an order allowing

fees in the amount of $31,370.00 and reimbursement of expenses in the amount of $36,185.96

pursuant to Quinn Emanuel's supplemental Interim Fee Application Request filed on March 27,

2008.

11.     On May 30, 2008, Quinn Emanuel filed its second Interim Fee Application

Request (the "Second Fee Application") seeking allowance of fees in the amount of $222,033.00

and reimbursement of expenses in the amount of $8,539.69 for the period from January 1, 2008

through April 30, 2008.   On June 30, 2008, the Court entered an order allowing fees in the

amount of $213,380.50 and reimbursement of expenses in the amount of $0.00.

12.     On October 1, 2008, Quinn Emanuel filed its third Interim Fee Application

Request (the "Third Fee Application" and with the First and Second Fee Applications, the "Prior

Fee Applications") seeking allowance of fees in the amount of $381,117.00 and reimbursement

of expenses in the amount of $13,722.05 for the period from May 1, 2008 through August 31,

2008.   On November 6, 2008, the Court entered an order allowing fees in the amount of

$365,359.50 and reimbursement of expenses in the amount of $13,445.95.  The Court's order

also allowed expenses in the amount of $8,539.69 for the period from January 1, 2008 through

April 30, 2008.

13.     The following chart summarizes the Prior Fee Applications and those fees and

expenses that have been awarded to date by the Court:

| Date Served | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) |
|---|---|---|---|
| 1/30/2008 | 09/11/2007 – 12/31/2007 | $514,896.54 | $445,491.38 |
| 3/27/2008 (supplemental) | 09/11/2007 – 12/31/2007 | (included above) | $67,555.96 |
| 5/30/2008 | 1/01/2008 – 04/30/2008 | $230,572.69 | $221,920.19 |
| 10/01/2008 | 05/01/2008 – 08/31/2008 | $394,839.05 | $378,805.45 |

14.     On October 21, 2008, Quinn Emanuel served its statement for services rendered for the period from September 1, 2008 through September 30, 2008, seeking payment of fees in the amount of $27,747.00 and reimbursement of expenses in the amount of $1,820.35 (the "September Fee Statement").  Quinn Emanuel received no objection to this monthly request. Accordingly, the Trustee paid Quinn Emanuel 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order.  A copy of the September Fee Statement has been attached hereto as Exhibit "A".

15.     On November 25, 2008, Quinn Emanuel served its statement for services rendered for the period from October 1, 2008 through October 31, 2008, seeking payment of fees in the amount of $28,744.00 and reimbursement of expenses in the amount of $2,209.26 (the "October Fee Statement").  Quinn Emanuel received no objection to this monthly request. Accordingly, the Trustee paid Quinn Emanuel 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order.  A copy of the October Fee Statement has been attached hereto as Exhibit "B".

16.     On December 22, 2008, Quinn Emanuel served its statement for services rendered for the period from November 1, 2008 through November 30, 2008, seeking payment of fees in the amount of $12,108.50 and reimbursement of expenses in the amount of $1,351.09 (the "November Fee Statement").  Quinn Emanuel received no objection to this monthly request. Accordingly, the Trustee paid Quinn Emanuel 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order.  A copy of the November Fee Statement has been attached hereto as Exhibit "C".

17.     On January 20, 2008, Quinn Emanuel served its statement for services rendered for the period from December 1, 2008 through December 17, 2008 seeking reimbursement of

fees in the amount of $14,893.50 and reimbursement of expenses in the amount of $1,682.35 (the "December Fee Statement"). If no objections are received in the 20-day period, Quinn Emanuel will ask the Trustee to pay 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order. A copy of the December Fee Statement has been attached hereto as Exhibit "D".

18.     Quinn Emanuel seeks final allowance and payment herein of (a) compensation in the amount of $83,493.00 for the actual, reasonable and necessary legal services rendered to the Committee and reimbursement of $7,073.05 for the actual, reasonable and necessary expenses incurred for the period from September 1, 2008 through December 17, 2008 (the "Current Compensation Period"), and (b) total compensation in the amount of $1,130,358.50 for the actual, reasonable and necessary legal services rendered to the Committee and reimbursement of $73,980.53 for the actual, reasonable and necessary expenses incurred during the Final Application Period.

## IV.     NOTICE

19.     In accordance with the Administrative Order, Quinn Emanuel has served this Application upon (i) the Trustee; (ii) counsel to the Trustee, Jenner & Block LLP; and (iii) the United States Trustee, Attn: M. Gretchen Silver and Roman Sukley. Quinn Emanuel also has served this Application electronically upon those entities having requested notices in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Each member of the Committee was also served electronically with the Application. Notice of the hearing at which this Application is to be heard has been sent electronically upon those entities having requested notices in this case pursuant to Rule 2002. Quinn Emanuel submits that such notice is appropriate and proper.

## V.    NATURE OF LEGAL SERVICES PERFORMED BY QUINN EMANUEL

20.    The Plan has been confirmed.  The Effective Date of the Plan was December 17, 2008 and the Liquidation Trustee has commenced making initial distributions.  Pursuant to the Plan, the Liquidation Trust Committee has been formed and is working with the Liquidation Trustee in carrying out his duties, including pursuing estate causes of action and continuing to administer the estate.

21.    As the categorized summaries below further detail, the work done by Quinn Emanuel attorneys during the course of this Final Application Period included working with the Trustee's professionals in drafting, reviewing, and filing a post-confirmation hearing brief in connection with the Plan which provided for the Quinn Emanuel attorney-brokered compromise of critical intra-creditor disputes.  In furtherance of Plan confirmation, Quinn Emanuel worked with the Trustee, on behalf of the Committee, negotiating a settlement with the Bank of New York ("BNY"), resolving its objection to confirmation.  Further, Quinn Emanuel attorneys worked with the Trustee and drafted and filed pleadings on behalf of the Committee in connection with the Trustee's motion for clarification, or in the alternative reconsideration, of the Court's August 20, 2007 order.  Moreover, the Trustee and Committee continued to maintain a well-oiled working relationship proceeding consensually with respect to the completion of the orderly liquidation of estate securities and the pursuit of litigation for the benefit of the estate as provided by the Plan.

22.    Quinn Emanuel has served as counsel to the Committee at all times during this case and Quinn Emanuel attorneys have devoted substantial time to numerous and complex legal matters in this case.  All services and costs for which compensation is requested by Quinn Emanuel in this Application were reasonable and necessary and were performed for and on

behalf of the Committee, and not for or on behalf of any other person.  All of the professional

services that Quinn Emanuel rendered to the Committee during the Final Application Period are

set forth in detail in Exhibits "A" through "D" segregated according to project billing categories

pursuant to Local Rule 5082-1, as described below.

23.     Because the Prior Fee Applications contain lengthy descriptions of matters

handled during those time periods, this final Application does not repeat all of that detail.  The

following descriptions of matters therefore pertain solely to matters handled during the Current

Compensation Period.

**A.  Asset Analysis and Recovery – 001**:  (Total Hours: 2.5, Total Fees: $962.50)

24.     During this Final Application Period, Quinn Emanuel attorneys worked with the

Trustee's professionals and with its own financial consultant to communicate to the Committee

the results of auctions held for the estate's portfolio securities and to assess the value of the

remaining securities.

25.     In connection with the foregoing, Quinn Emanuel attorneys expended 2.5 hours

for which Quinn Emanuel seeks compensation of $962.50.  An itemized breakdown of the

services rendered to the Committee may be found in the Monthly Fee Statements attached hereto

as Exhibits "A" through "D."

**B.  Case Administration – 006**:  (Total Hours: 10.1, Total Fees: $3,888.50)

26.     During this Final Application Period, mindful of the Committee's statutory duty

to provide access to information to creditors of the estate, Quinn Emanuel fielded inquiries from

non-Committee creditors and transitioned the role of website information agent from one service

provider to another as the incumbent provider no longer could maintain the Committee's

informational website.    Such efforts kept creditors apprised of the Chapter 11 Case's

proceedings, including the period when the Court's decision on confirmation was pending.

27.    In connection with the foregoing, Quinn Emanuel attorneys expended 10.1 hours

for which Quinn Emanuel seeks compensation of $3,888.50.    An itemized breakdown of the

services rendered to the Committee may be found in the Monthly Fee Statements attached hereto

as Exhibits "A" through "D."

**C.  Claims Administration and Objections – 080**:  (Total Hours: 0.7, Total Fees: $269.50)

28.    During this Final Application Period, Quinn Emanuel fielded inquiries from non-

Committee creditors concerning objections filed to their claims by parties other than the Trustee.

29.    In connection with the foregoing, Quinn Emanuel attorneys expended 0.7 hours

for which Quinn Emanuel seeks compensation of $269.50.    An itemized breakdown of the

services rendered to the Committee may be found in the Monthly Fee Statements attached hereto

as Exhibits "A" through "D."

**D.  Creditors Meetings / Committee Matters – 010**:  (Total Hours: 16.4, Total Fees:
$7,739.00)

30.    During this Final Application Period, Quinn Emanuel attorneys and the

Committee met or conducted telephonic conference calls on a primarily bi-weekly basis (as

needed) with the Trustee, his counsel, and, in certain instances, other retained professionals.

Such conferences have proven to be the most efficient vehicle for the Trustee to keep the

Committee apprised of the now-completed securities liquidation and the strategic pursuit of

contingent assets, primarily litigation.    These meetings were especially critical in arriving at the

settlement of BNY's plan confirmation objection which required both the Committee and the

Trustee's (as Plan Proponents) consent to resolve.    Moreover, such calls were the vehicle that

members of the Committee could discuss the confirmation process and plan litigation strategy for the post-Effective Date period.

31.     In connection with the foregoing, Quinn Emanuel attorneys expended 16.4 hours for which Quinn Emanuel seeks compensation of $7,739.00.  An itemized breakdown of the services rendered to the Committee may be found in the Monthly Fee Statements attached hereto as Exhibits "A" through "D."

**E.  Litigation General – 018**:  (Total Hours: 126.9, Total Fees: $51,096.00)

32.     During this Final Application Period, Quinn Emanuel attorneys drafted pleadings and appeared in Court in connection with adjudication of the Trustee's motion for clarification, or in the alternative reconsideration, of the Court's August 20, 2007 order.  Further, the Committee conferred internally and with the Trustee crafting estate litigation strategy.  Pleadings were reviewed and commented upon in connection with BNY's stay-relief motion, various avoidance actions in connection with certain estate transfers, the litigation with Sentinel's auditors, McGladrey and Pullen LLP, and with broker-dealer entities who sold Sentinel securities at prices which proved to be greatly in excess of their value.  Moreover, Quinn Emanuel prepared materials the Committee's benefit in connection with a presentation from the Trustee with respect to the wide-reaching "property of the estate" issue.

33.     In connection with the foregoing, Quinn Emanuel attorneys expended 126.9 hours for which Quinn Emanuel seeks compensation of $51,096.00.  An itemized breakdown of the services rendered to the Committee may be found in the Monthly Fee Statements attached hereto as Exhibits "A" through "D."

**F.  <u>Reorganization Plan 021</u>:**  (Total Hours: 30.7, Total Fees: $12,232.00)

34.     During this Final Application Period, Quinn Emanuel attorneys revised, drafted, finalized, and filed, in concert with the Trustee, a post-confirmation hearing brief with respect to the Plan.  Subsequently, Quinn Emanuel attorneys spent time negotiating and discussing with the Committee resolution of BNY's objection to Plan confirmation which ultimately resulted in a successful settlement which this Court approved pursuant to Bankruptcy Rule 9019.  The Plan represents a compromise struck between differently situated creditors and the cornerstone towards the resolution of the Chapter 11 Case.  The efforts of Quinn Emanuel attorneys were critical in the development and prosecution of the Plan.

35.     In connection with the foregoing, Quinn Emanuel attorneys expended 30.7 hours for which Quinn Emanuel seeks compensation of $12,232.00.  An itemized breakdown of the services rendered to the Committee may be found in the Monthly Fee Statements attached hereto as Exhibits "<u>A</u>" through "<u>D</u>."

**G.  <u>Retention/Fee Matters</u>:**  (Total Hours: 10.3, Total Fees: $3,965.50)

36.     During this Final Application Period, Quinn Emanuel attorneys worked preparing and filing its Third Application as well as appearing in court for both the Third Application and the fee application of the Committee's financial adviser.

37.     In connection with the foregoing, Quinn Emanuel attorneys expended 10.3 hours for which Quinn Emanuel seeks compensation of $3,965.50.  An itemized breakdown of the services rendered to the Committee may be found in the Monthly Fee Statements attached hereto as Exhibits "<u>A</u>" through "<u>D</u>."

**H.  Retention/Fee Matters (Others):**  (Total Hours: 13, Total Fees: $3,340.00)

38.      During this Final Application Period, Quinn Emanuel attorneys worked preparing

and filing the second fee application of Vincent Butkiewicz, financial advisor to the Committee.

39.      In connection with the foregoing, Quinn Emanuel attorneys expended 13 hours

for which Quinn Emanuel seeks compensation of $3,340.00.  An itemized breakdown of the

services rendered to the Committee may be found in the Monthly Fee Statements attached hereto

as Exhibits "A" through "D."

**I.  Statement of Expenses:**  (Quinn Emanuel Total Expenses: $73,980.53 ($7,073.50 in the
Current Compensation Period))

40.      Quinn Emanuel has expended the total amount of $73,980.53 in actual, reasonable

and necessary expenses for which it seeks reimbursement in connection with representing the

Committee during the Final Application Period.  In connection with such expenses, it is Quinn

Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and

routine overhead expenses, incurred in connection with representing its clients.  Consistent with

this Court's rulings, Quinn Emanuel does not seek reimbursement for document word-processing

charges, local transportation expenses, and expenses for working meals not in connection with

out-of-town travel.

41.      Quinn Emanuel charges the estate for these expenses at rates consistent with those

charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the

rates charged by Quinn Emanuel to its non-bankruptcy clients.  Quinn Emanuel seeks

reimbursement from the estate at the following rates for the following expenses:  (a) ten cents per

page for photocopying; and (b) one dollar per page for out-going facsimiles.  In accordance with

section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will

seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

42.     In providing or obtaining from third parties services which are reimbursable by

clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment,

equipment or capital outlay, except that the reimbursable cost of photocopying and faxes

includes a factor for the cost of equipment.

43.     Attorneys at Quinn Emanuel have submitted for reimbursement for travel

expenses *only* in connection with out-of-town travel, and *not* for any local commuting costs.  As

a policy matter, Quinn Emanuel does not incur expenses for luxury accommodations, deluxe

meals, or air travel in excess of coach fares.  Throughout the Final Application Period, Quinn

Emanuel has been keenly aware of cost considerations and has tried to minimize expenses

charged to the estate.  Quinn Emanuel maintains records of all actual and necessary expenses

incurred in connection with the performance of professional services.  To the extent that any

amounts for expenses other than those expenses outlined above were incurred and included on

Monthly Fee Statements, or to the extent that the Court has not allowed expenses which were

included in the Prior Fee Applications, they have been deducted from the amount requested by

this Application.  A detailed breakdown of expenses incurred by Quinn Emanuel during the

Current Compensation Period may be found in the Monthly Fee Statements attached hereto as

Exhibits "A" through "D" and copies of supporting documentation for hotel and airfare expenses

may be found attached hereto as Exhibit "E".

## VI.     APPLICABLE LEGAL STANDARDS AND CRITERIA

44.     Section 330 of the Bankruptcy Code provides, in relevant part:

> (a)(1) After notice . . . the court may award to . . . a
> professional person employed under section 327 or 1103—

      (A)     reasonable compensation for actual, necessary services rendered by . . . such person; and

      (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable.  Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed.R.Bankr.P. 2016(a).  In assessing the reasonableness of attorneys' fees under section 330, this Court has considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

      45.     Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate.  As the United States Court of Appeals for the First Circuit Court has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous

> analysis of every detailed facet of the professional
> representation. It is easy to speculate that the work could
> have been done in less time or with fewer attorneys or with
> an associate rather than a partner. On the other hand, it is
> also possible that [the debtor] would not have enjoyed the
> success it did had its counsel managed matters differently.

In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations

omitted). The Seventh Circuit has recognized that the appropriate measure to determine the

reasonableness of attorneys' fees is the market based approach. See Steinlauf v. Continental

Illinois Corp. (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992)

(stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to

stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length

negotiation . . ."). Similarly, this Court has reasoned that "the attorney/client relationship [i]s

one in which the terms of the engagement should normally be upheld, including the fee

arrangement, so as not to unduly intrude upon the bargain struck between the parties who have

entered into an important professional relationship." In re Famisaran, 224 B.R. 886, 898 (Bankr.

N.D. Ill. 1998) (Squires, J.).

46.     Expenses not attributable to any specific client are considered general overhead

and are not reimbursable. See In re Convent Guardian Corp., 103 B.R. 937, 939-40 (Bankr. N.D.

Ill. 1989) ("Overhead, for bankruptcy purposes, includes all continuous administrative or general

costs or expenses incident to the operation of the firm which cannot be attributed to a particular

client or cost.") (internal citation omitted).

## VII.    APPLICATION OF RELEVANT CRITERIA AND STANDARDS TO THIS COMPENSATION REQUEST

47.     In applying the criteria set forth above to this request for compensation, the Court

should consider foremost the effort required and expended by Quinn Emanuel attorneys, the

reasonableness of the services rendered, and the results achieved.  All of the services performed

by Quinn Emanuel were required for the proper representation of the Committee in this case,

were authorized by the Court, and were performed by Quinn Emanuel at the request and

direction of the Committee.  Pursuant to Section 330 of the Bankruptcy Code and the generally

applicable criteria of the time, nature, extent, and value of the services performed, all of Quinn

Emanuel's services are compensable.

48.     The amount of services rendered by Quinn Emanuel attorneys to achieve the

results obtained for the benefit of the estate's creditors was reasonable in light of the complexity

of the issues involved in this case.  Quinn Emanuel attorneys allocated responsibilities among

attorneys at Quinn Emanuel to minimize possible duplication of efforts.  Compensation is sought

for participation in one task by more than one attorney of Quinn Emanuel only in instances

where joint participation was necessary because of the significant impact of a particular

conference or meeting, the complexity of the problems and issues involved, the magnitude of the

work to be performed, and the specialization required or the need to preserve a continuity of

representation.  In a case of this magnitude and complexity, it is often more economical and

sometimes necessary for multiple attorneys to attend a meeting or hearing to facilitate

communication of information than to relay the information from attorney to attorney.  In similar

situations, such representation has been approved.  See, e.g., Berberana v. Coler, 753 F.2d 629,

631 (7th Cir. 1985) (finding district court did not abuse its discretion by refusing to reduce

compensable hours where it "was a difficult case, and involvement [by more than one attorney]

in such meetings may have been crucial to subsequent participation in the case.").

49.     Furthermore, as reflected in the fee applications of Quinn Emanuel and DLA, the

two firms have attempted to avoid duplication of efforts by carefully delegating and rendering

services with regard to discrete issues in the case.  As this Court is aware, where appropriate, Quinn Emmanuel has assumed responsibility for various matters and often taken the lead in presenting and responding to such matters.  In short, other than attendance at certain Committee meetings, there has been little, if any, actual duplication of efforts between Quinn Emanuel and DLA in these areas.

50.     The experience and expertise in bankruptcy cases and the quality of the services brought to this case by Quinn Emanuel further supports the requested compensation.  This law firm has charged the estate the normal and customary hourly rates for similar services rendered in like circumstances to other clients.  Furthermore, the rates at which Quinn Emanuel seeks compensation are its standard and customary hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other clients.  The rates are comparable to the rates charged by other practitioners of similar experience, competence and standing in the community.

51.     Given the challenging circumstances of this case, and the results achieved to date (most significantly, the occurrence of the Plan's Effective Date and an initial distribution to creditors pursuant thereto), Quinn Emanuel submits that its hourly rates and hours for which compensation is sought are reasonable and appropriate.  As discussed herein, the Plan and the settlements embodied therein, have their origin in Committee negotiations brokered by Quinn Emanuel attorneys.  Such results are based in large part on the effort and skill of Quinn Emanuel attorneys and represent significant progress in the Chapter 11 Case.

52.     The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is imminently fair given the efforts required of Quinn Emanuel in this case, and the results achieved thus far for the benefit of the creditors of this estate.

## VIII. STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

53.     No agreement exists between Quinn Emanuel and any third person for the sharing of compensation received by Quinn Emanuel in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Quinn Emanuel.

54.     From September 1, 2008 through and including December 17, 2008, Quinn Emanuel has devoted 210.6 hours to represent the Committee with respect to categories (A)-(I) above, and has provided the Committee with actual and necessary legal services worth a total of $84,493.00 and has incurred expenses for which it seeks reimbursement totaling $7,073.50.

55.     From September 11, 2007 through and including December 17, 2008, Quinn Emanuel has provided the Committee with actual and necessary legal services worth a total of $1,130,358.50 and has incurred expenses for which it seeks reimbursement totaling $73,980.53.

56.     Copies of the itemized Monthly Fee Statements with respect to the Current Compensation Period which include computer generated time entries and expenses reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, are attached hereto as Exhibits "A" through "D." Copies of the itemized Monthly Fee Statements with respect to the Prior Fee Applications have been attached as exhibits thereto and incorporated herein by reference.

57.     Attached hereto as Exhibit "F" is the Affidavit of Susheel Kirpalani attesting to, among other things, the accuracy of the information set forth in Exhibits "A" through "D" of this Application.

**WHEREFORE,** Quinn Emanuel, counsel for the Committee herein, respectfully requests that this Court enter an Order authorizing and approving:

A.       Final compensation in the amount of $1,130,358.50 incurred for actual, necessary and valuable professional services rendered to the Committee from September 11, 2007 through and including December 17, 2008;

B.       Expenses totaling $73,980.53 incurred in connection with Quinn Emanuel's representation of the Committee from September 11, 2007 through and including December 17, 2008;

C.       Authorizing and directing the Trustee to pay Quinn Emanuel the difference between the amounts allowed hereunder and the amounts previously paid pursuant to the Administrative Order; and

D.       Granting such other and further consistent relief as the Court may deem equitable and just.

Dated:  January 21, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART
OLIVER & HEDGES LLP

By:   */s/ Susheel Kirpalani*
Susheel Kirpalani
Benjamin I. Finestone
51 Madison Ave., 22nd Floor
New York, N.Y. 10010
Telephone:(212) 849-7000
Telecopier: (212) 849-7100

*Counsel to the Official Committee of
Unsecured Creditors of Sentinel Management
Group, Inc.*