**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 07-14987 |
| | ) | |
| SENTINEL MANAGEMENT GROUP, | ) | Chapter 11 |
| INC. | ) | Honorable John H. Squires |
| | ) | |
| Debtor. | ) | |

**FINAL FEE APPLICATION OF MR. VINCENT BUTKIEWICZ FOR ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS FINANCIAL CONSULTANT TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
SENTINEL MANAGEMENT GROUP, INC. FOR THE PERIOD FROM
JANUARY 30, 2008 THROUGH AND INCLUDING SEPTEMBER 30, 2008**

Mr. Vincent Butkiewicz ("Butkiewicz"), financial consultant to the Official Committee of Unsecured Creditors (the "Committee") of Sentinel Management Group, Inc. ("Sentinel"), pursuant to Section 330 of the United States Bankruptcy Code, submits this Third and Final Fee Application (the "Application") for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Consultant to the Committee for the Period From January 30, 2008 Through and Including September 30, 2008 (the "Final Application Period") and respectfully requests that this Court enter an order awarding Butkiewicz final compensation of $352,140.00 for professional services rendered to the Committee during the Final Application Period and also award Butkiewicz an additional $5,489.45 for ordinary and necessary expenses incurred during the Final Application Period. In support of the foregoing requests, Butkiewicz states as follows:

**I.     COMMENCEMENT OF CASE; JURISDICTION**

1.     On August 17, 2007 (the "Petition Date"), Sentinel filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11

61121/2645111.1

U.S.C. §§ 101 et seq. (the "Bankruptcy Code") commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

2.      On August 29, 2007, the Court entered the order approving the appointment of Frederick J. Grede as Chapter 11 Trustee (the "Trustee").  The Trustee continues to manage and administer the assets of Sentinel's estate (the "Estate") pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On September 6, 2007 the United States Trustee filed with the Court its Notice of Appointment of the Committee.

4.      This Court has jurisdiction over the Application under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory bases for the relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## II.    BUTKIEWICZ'S RETENTION; THE ADMINISTRATIVE ORDER; PRIOR FEE REQUESTS

6.      On November 8, 2007, this Court entered that certain Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, the Trustee and Committee Members (the "Administrative Order").

7.      Mindful of minimizing the Estate's administrative expenses, the Committee did not immediately move to retain a financial consultant.  However, on February 28, 2008, the Committee filed its Application to Employ and Retain Butkiewicz as Financial Consultant.  On March 6, 2008, the Court entered an order pursuant to Sections 328(a) and 1103 of the Bankruptcy Code approving the Committee's retention of Butkiewicz effective as of January 30, 2008 to review, and assist with, the Trustee's liquidation of certain structured securities in an

approximate cost basis amount of $300 million (the "Securities").  As of the end of the Final Application Period, the Trustee had completed the marketing process for the Securities and, pursuant to the terms of his retention, Butkiewicz's engagement was terminated.

8.  Pursuant to the Administrative Order, Butkiewicz and other professionals retained in this case are authorized to file and serve upon parties identified in the Administrative Order monthly fee applications (the "Monthly Fee Statement").  Upon expiration of a 20-day objection period specified in the Administrative Order, if no objection is received, the Trustee is authorized to pay Butkiewicz and other professionals eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in each Monthly Fee Statement.  If an objection is received, then the Trustee is authorized to pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses that are not the subject of the objection.  Thereafter, at four month intervals or at such other intervals as the Court may otherwise direct, each professional must file with the Court and serve on the required notice parties an interim request (an "Interim Fee Application Request") for Court approval and allowance of all amounts requested during that interim fee period.

9.  On May 30, 2008, Butkiewicz filed his first Interim Fee Application Request (the "First Fee Application") seeking allowance of fees in the amount of $168,480.00 and reimbursement of expenses in the amount of $2,814.25.  On July 17, 2008, the Court entered an order allowing fees in the amount of $168,480.00 and reimbursement of expenses in the amount of $2,643.09.

10. On September 30, 2008, Butkiewicz filed his second Interim Fee Application Request (the "Second Fee Application" and with the First Fee Application, the "Prior Fee Applications") seeking allowance of fees in the amount of $154,560.00 and reimbursement of

expenses in the amount of $2,935.00. On November 6, 2008, the Court entered an order allowing fees in the amount of $154,560.00 and reimbursement of expenses in the amount of $2,846.36.

11.  The following chart summarizes the Prior Fee Applications and those fees and expenses that have been awarded to date by the Court:

|  |  | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed/ Docket No. | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2008 | January 30, 2008 through April 30, 2008 | $168,480.00 | $2,814.25 | $168,480.00 | $2,643.09 |
| September 30, 2008 | May 1, 2008 through August 31, 2008 | $154,560.00 | $2,935.00 | $154,560.00 | $2,846.36 |

12.  On December 10, 2008, Butkiewicz served its statement for services rendered for the period from September 1, 2008 through September 30, 2008, seeking payment of fees in the amount of $29,100.00 (the "September Fee Statement"). Butkiewicz has received no objection to this monthly request. Accordingly, Butkiewicz will request that the Trustee pay him 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order. A copy of the September Fee Statement has been attached hereto as Exhibit "A".

13.  Butkiewicz seeks final allowance and payment herein of (a) compensation in the amount of $29,100.00 for the actual, reasonable and necessary services rendered to the Committee for the period from September 1, 2008 through September 30, 2008 (the "Current Compensation Period"), and (b) total compensation in the amount of $352,140.00 for the actual, reasonable and necessary services rendered to the Committee and reimbursement of $5,489.45 for the actual, reasonable and necessary expenses incurred during the Final Application Period.

**III.   NOTICE**

14. In accordance with the Administrative Order, Butkiewicz has served this Application upon (i) the Trustee; (ii) counsel to the Trustee, Jenner & Block LLP; (iii) counsel to the Committee, Quinn Emanuel Urquhart Oliver & Hedges, LLP and DLA Piper US LLP; and (iv) the United States Trustee, Attn: M. Gretchen Silver and Roman Sukley. Butkiewicz also has served this Application electronically upon those entities having requested notices in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Each member of the Committee was also served electronically with the Application. Notice of the hearing at which this Application is to be heard has been sent electronically upon those entities having requested notices in this case pursuant to Rule 2002. Butkiewicz submits that such notice is appropriate and proper.

**IV.   NATURE OF SERVICES PERFORMED BY BUTKIEWICZ**

15. As the categorized summaries below further detail, the work done by Butkiewicz during the course of this Final Application Period utilized his specific knowledge concerning fixed income securities and structured notes and his extensive contacts in the fixed-income community in order to add value to the Trustee's liquidation of the Securities. In that regard, Butkiewicz worked with the Committee, the Trustee, and the Trustee's retained professionals since the date of his retention to, among other things: (i) analyze and value each of the collateralized debt obligation ("CDO") Securities, including the underlying assets contained therein; (ii) meet with prospective bidders in efforts to expand the reach of Securities auctions; (iii) remain current on the secondary market for the Securities in order to develop a strategic auction schedule for the liquidation of the CDO Securities; and (iv) report to and advise the

Committee as to all of the foregoing. Butkiewicz supplemented the efforts of the Trustee tasked with the liquidation of the Securities in a fashion designed to maximize the value of the Estate.

16. Butkiewicz served as financial consultant to the Committee at all times during the Final Application Period and has devoted substantial time to numerous and complex matters tied to the Securities. As provided for by the terms of his engagement, upon the end of the marketing process for the Securities, Butkiewicz's engagement terminated. All services and costs for which compensation is requested by Butkiewicz in this Application were reasonable and necessary and were performed for and on behalf of the Committee directed at maximizing the value of the Estate, and not for or on behalf of any other person. All of the professional services that Butkiewicz rendered to the Committee during the Final Application Period are set forth in detail in Exhibit "A" segregated according to project billing categories pursuant to Local Rule 5082-1, as described below.

17. Because the Prior Fee Applications contain lengthy descriptions of matters handled during those time periods, this final Application does not repeat all of that detail. The following descriptions of matters therefore pertain solely to matters handled during the Current Compensation Period.

**A. Meeting/Teleconference with Trustee, Trustee's Counsel, and Trustee's Financial Advisors**: (Total Hours: 7.9, Total Fees: $4,740.00)

18. During the Final Application Period, Butkiewicz worked in close contact with the Trustee, navigating the volatile CDO markets and evaluating the results of auctions held for the sale of Securities.

19. In connection with the foregoing, Butkiewicz expended 7.9 hours for which Butkiewicz seeks compensation of $4,740.00. An itemized breakdown of the services rendered to the Committee may be found in the fee statement attached hereto as Exhibits "A."

B. **Meeting/Teleconference with Committee or Committee's Counsel**: (Total Hours: 9.1, Total Fees: $5,460.00)

20. During the Final Application Period, Butkiewicz met with the Committee and its counsel in order to keep the Committee apprised as to the work Butkiewicz was accomplishing with respect to the valuation and liquidation of the Securities. Butkiewicz met often with the Committee's chairman and would participate in the Committee's weekly conference calls, as necessary, to present his valuation reports, including an updated comprehensive valuation analysis of the remaining CDO Securities, as well as results from auctions held for Securities.

21. In connection with the foregoing, Butkiewicz expended 9.1 hours for which Butkiewicz seeks compensation of $5,460.00. An itemized breakdown of the services rendered to the Committee may be found in the fee statement attached hereto as Exhibits "A."

C. **Portfolio Analysis and Review – 008**: (Total Hours: 28.0, Total Fees: $16,800.00)

22. During the Final Application Period, Butkiewicz spent the lion's share of his time researching and analyzing the Securities and the conditions existing in the secondary markets for such Securities. As the Court is aware, the credit markets during the Final Application Period continued to be tumultuous. Therefore, it was imperative that Butkiewicz kept his feel and understanding of the markets current. Butkiewicz did so by reviewing content received from subscription services and information obtained from third-party broker/dealers and investment banks to arrive at current valuations for the Securities. Butkiewicz monitored the secondary market in real time to evaluate auction results held for the sale of the Securities. Butkiewicz also continued to meet with prospective bidders for the Securities outside of the usual candidates the Trustee's professionals had been in close contact with. Butkiewicz was able to supplement the

bid list for certain Securities and thereby maximize the potential value to the Estate realized from Securities auctions.

23. In connection with the foregoing, Butkiewicz expended 28.0 hours for which Butkiewicz seeks compensation of $16,800.00. An itemized breakdown of the services rendered to the Committee may be found in the fee statement attached hereto as Exhibits "A."

**D. Case Administration**: (Total Hours: 3.5, Total Fees: $2,100.00)

24. During this Final Application Period, Butkiewicz compiled and reviewed his Monthly Fee Statements.

25. In connection with the foregoing, Butkiewicz expended 3.5 hours for which Butkiewicz seeks compensation of $2,100.00. An itemized breakdown of the services rendered to the Committee may be found in the fee statement attached hereto as Exhibits "A."

**E. Statement of Expenses:** (Total Expenses: $5,489.45 ($0.00 in the Current Compensation Period))

26. Butkiewicz has not incurred any expenditures acting as financial consultant to the Committee during the Current Compensation Period. Butkiewicz has expended the total amount of $5,489.45 in actual, reasonable, and necessary expenses for which it seeks reimbursement in connection with acting as financial consultant to the Committee during the Final Application Period. The expenses for which Butkiewicz seeks reimbursement include, among other things, out-of-town travel expenses and local transportation and meal expenses in connection with out-of town travel.

27. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Butkiewicz seeks reimbursement only for the actual cost of such expenses to Butkiewicz. Butkiewicz has not incurred expenses for luxury accommodations or air travel in

excess of coach fares. Throughout the Final Application Period, Butkiewicz has been keenly aware of cost considerations and has tried to minimize the expenses charged to the estate.

## V. APPLICABLE LEGAL STANDARDS, CRITERIA, AND APPLICATION

28. Section 330 of the Bankruptcy Code provides, in relevant part:

> (a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—
>
> (A)   reasonable compensation for actual, necessary services rendered by . . . such person; and
>
> (B)   reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

29. Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary, and reasonable. Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

30. Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

31. In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by Butkiewicz, the reasonableness of the services rendered, and the results achieved. All of the services performed by Butkiewicz were performed to maximize the value of the Estate for the benefit of its creditors and, to the extent necessary, were authorized by the Court and were performed by Butkiewicz at the request and direction of the Committee. Pursuant to section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent, and value of the services performed, all of Butkiewicz's services are compensable.

32. Auctions have been held for all of the Securities and all but a select few have been successfully sold. Butkiewicz's efforts contributed to the results of such auctions which substantially performed up to the levels forecast by the Trustee, notwithstanding the continued deterioration of the credit markets. Had the auctions been less successful, besides the obvious effect of less quantifiable Estate value, it is possible that the Committee would have been prevented from reaching the compromise embodied in the plan of liquidation filed with the Court.

33. The amount of services rendered by Butkiewicz to achieve the results obtained for the benefit of the Estate's creditors was reasonable in light of the complexity of the Securities and the difficult, and perhaps unprecedented, state of the credit markets, particularly for the

Securities. Butkiewicz's vast experience with structured securities, as set forth in his retention application, and the quality of the services provided further support the requested compensation.

34. Butkiewicz has charged the Estate the normal and customary hourly rates for similar services rendered in like circumstances to other clients. The rates are comparable to the rates charged by other practitioners of similar experience, competence, and standing in the investment community.

35. Given the challenging circumstances of this case, and the efforts exerted in connection with the completed marketing process of the Securities, Butkiewicz submits that his hourly rates and hours for which compensation is sought are reasonable and appropriate.

### VI. STATEMENT OF SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

36. No agreement exists between Butkiewicz and any third person for the sharing of compensation received by Butkiewicz in this case.

37. From September 1, 2008 through and including September 30, 2008, Butkiewicz has devoted 48.5 hours to represent the Committee with respect to categories (A)-(D) above, and has provided the Committee with actual and necessary services worth a total of $29,100.00.

38. From January 30, 2008 through and including September 30, 2008, Butkiewicz has provided the Committee with actual and necessary services worth a total of $352,140.00 and has incurred expenses for which it seeks reimbursement totaling $5,489.45.

39. A copy of the itemized fee statement which includes detailed time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibits "A." Copies of the itemized Monthly Fee Statements with respect to the Prior Fee Applications have been attached as exhibits thereto and incorporated herein by reference.

40. Attached hereto as Exhibit "B" is the Affidavit of Vincent Butkiewicz attesting to, among other things, the accuracy of the information set forth in Exhibit "A" of this Application.

**WHEREFORE,** Butkiewicz, counsel for the Committee herein, respectfully requests that this Court enter an Order authorizing and approving:

A. Final compensation in the amount of $352,140.00 incurred for actual, necessary and valuable professional services rendered to the Committee from January 30, 2008 through and including September 30, 2008;

B. Expenses totaling $5,489.45 incurred in connection with Butkiewicz's representation of the Committee from January 30, 2008 through and including September 30, 2008;

C. Authorizing and directing the Trustee to pay Butkiewicz the amounts allowed hereunder; and

D. Granting such other and further consistent relief as the Court may deem equitable and just.

Dated: January 21, 2009                                   Respectfully submitted,

By:  */s/ Vincent Butkiewicz*
Vincent Butkiewicz
Telephone: 646-957-8017
Cellular: 914-393-7625

*Financial Consultant to the Official Committee of Unsecured Creditors of Sentinel Management Group, Inc.*