**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 07-14987 |
| | ) | |
| SENTINEL MANAGEMENT GROUP, | ) | Chapter 11 |
| INC. | ) | Honorable John H. Squires |
| | ) | |
| Debtor. | ) | Hearing Date: March 3, 2009 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | Objection Deadline: February 23, 2009 |

**FOURTH AND FINAL FEE APPLICATION OF DLA PIPER LLP (US)
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS CO-COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SENTINEL
MANAGEMENT GROUP, INC. FOR THE PERIOD FROM
SEPTEMBER 11, 2007 THROUGH AND INCLUDING DECEMBER 17, 2008**

DLA Piper LLP (US), an Illinois limited liability partnership ("**DLA**" or the "**Applicant**"), co-counsel to The Official Committee of Unsecured Creditors of Sentinel Management Group, Inc. ("**Committee**"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code and Rule 5082-1 of the Bankruptcy Rules for the United States District Court and the United States Bankruptcy Court For the Northern District of Illinois (the "**Local Rules**"), submits this Fourth and Final Fee Application (the "**Application**") for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Co-Counsel to the Official Committee of Unsecured Creditors for the Period From September 11, 2007 Through and Including December 17, 2008 (the "**Application Period**") and respectfully requests that this Court enter an order awarding DLA final compensation of **$735,848.50** for professional services rendered to the Committee and also award DLA an additional **$8,622.08** for ordinary

and necessary expenses incurred throughout its representation[1].  In support of the foregoing

requests, Applicant states as follows:

## I.   COMMENCEMENT OF CASE; JURISDICTION

1.      On August 17, 2007 (the "**Petition Date**"), Sentinel Management Group, Inc. (the

"**Debtor**") filed a voluntary petition in this Court for reorganization relief under chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.      On August 21, 2007, Debtor filed its Motion and Emergency Motion to Appoint

Trustee ("**Trustee Motion**") (Docket No. 36).  A hearing was held on August 23, 2007 and an

order granting the Trustee Motion was entered (Docket No. 56).  On August 28, 2007, after

conferring with parties in interest, the United States Trustee filed with the Court its Motion to

Approve the Appointment of Chapter 11 Trustee (Docket No. 97).  On August 29, 2007 the

Court entered the order approving the appointment of Frederick J. Grede as Chapter 11 Trustee

("**Trustee**").  The Trustee continues to manage and operate the business of the Debtor pursuant

to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On September 6, 2007 the United States Trustee filed with the Court its Notice of

Appointment of Creditor's Committee (the "**Committee**") (Docket No. 156).  Thereafter, the

Committee met and, based upon its deliberations, felt that it was in its best interests to retain two

law firms to assist in their representation, DLA and Quinn Emanuel Urguhart Oliver & Hedges

LLP ("**Quinn Emanuel**" or "**Co-Counsel**").  The Committee sought representation by these two

---

[1]  As described in more detail herein, DLA's final request for compensation and reimbursement of ordinary and
necessary expenses in the Application consists of two components: (a) DLA's fees in the amount of $113,975.00
(the "New Fees") and expenses in the amount of $399.30 (the "New Expenses" and together with the New Fees,
the "New Fees and Expenses") incurred during the period September 1, 2008 through December 17, 2008 (the
"New Application Period"); and (b) interim compensation in the amount of $621,873.50 (the "Interim Fees") and
the reimbursement of expenses totaling $8,222.78 (the "Interim Expenses" and together with the Interim Fees, the
"Interim Fees and Expenses") awarded pursuant to prior Bankruptcy Court Orders.

CENTRAL\31176571.1

law firms based upon the specific legal strengths each firm possessed which would be required to protect their interests in this complicated bankruptcy/securities matter.

4.      This Court has jurisdiction over the Application under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

5.      The statutory bases for the relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## II.    DLA'S RETENTION; THE ADMINISTRATIVE ORDER; PRIOR FEE REQUESTS

6.      On September 27, 2007, this Court entered that certain Order Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1103 Authorizing Nunc Pro Tunc the Employment and Retention of DLA Piper LLP (US) as co-counsel to the Official Committee of Unsecured Creditors, effective as of September 11, 2007 (Docket No. 216).

7.      On November 8, 2007, this Court entered that certain Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, the Trustee and Committee Members (the "**Administrative Order**") (Docket No. 295).

8.      Pursuant to the Administrative Order, DLA and other professionals retained in this case are authorized to file and serve upon parties identified in the Administrative Order monthly fee applications (the "**Monthly Fee Statement**").   Upon expiration of a 20-day objection period specified in the Administrative Order, if no objection is received, the Trustee is authorized to pay DLA and other professionals eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement.   If an objection is received, then the Trustee is authorized to pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses that are not the subject of the objection.   Thereafter, at four

CENTRAL\31176571.1

month intervals or at such other intervals as the Court may otherwise direct, each professional must file with the Court and serve on the required notice parties an interim request (an "**Interim Fee Application Request**") for Court approval and allowance of all amounts requested during that interim fee period.

9.      On October 24, 2008, DLA served its Thirteenth Monthly Statement of DLA Piper LLP (US) as Co-Counsel to the Committee for the Period from September 1, 2008 through September 30, 2008, seeking reimbursement of fees in the amount of $36,042.50 and reimbursement of expenses in the amount of $279.70.  DLA received no objection to this monthly request.  Accordingly, the Trustee paid DLA 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order.  A copy of the Thirteenth Monthly is attached hereto and made part hereof as Exhibit "A".

10.      On November 6, 2008, this Court granted the Third Interim Fee Application and entered the Order Allowing Interim Compensation Pursuant to the Third Interim Fee Application of DLA Piper US LLP, as Co-Counsel for The Official Committee of Unsecured Creditors of Sentinel Management Group, Inc. and Granting Other Relief approving DLA's compensation for professional services rendered in the amount of $242,019.50 and reimbursement of its actual, necessary expenses in the amount of $3,342.98.

11.      On November 20, 2008, DLA served its Fourteenth Monthly Statement of DLA Piper LLP (US) as Co-Counsel to the Committee for the Period from October 1, 2008 through October 31, 2008, seeking reimbursement of fees in the amount of $33,520.00 and reimbursement of expenses in the amount of $63.80.  DLA received no objection to this monthly request.  Accordingly, the Trustee paid DLA 80% of the fees requested and 100% of the

4

expenses requested as provided in the Administrative Order.  A copy of the Fourteenth Monthly is attached hereto and made part hereof as Exhibit "B".

12.     On December 22, 2008, DLA served its Fifteenth Monthly Statement of DLA Piper LLP (US) as Co-Counsel to the Committee for the Period from November 1, 2008 through November 30, 2008, seeking reimbursement of fees in the amount of $19,232.50 and reimbursement of expenses in the amount of $17.30.  DLA received no objection to this monthly request.  Accordingly, the Trustee paid DLA 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order.  A copy of the Fifteenth Monthly is attached hereto and made part hereof as Exhibit "C".

13.     On January 20, 2009, DLA served its Sixteenth Monthly Statement of DLA Piper LLP (US) as Co-Counsel to the Committee for the Period from December 1, 2008 through December 17, 2008 seeking reimbursement of fees in the amount of $19,705.00 and reimbursement of expenses in the amount of $38.50.  If no objections are received in the 20 day period, DLA will ask the Trustee to pay 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order.  A copy of the Sixteenth Monthly is attached hereto and made part hereof as Exhibit "D".

14.     This is DLA's fourth and final fee request.  As previously stated, DLA seeks approval and entry of an order authorizing and allowing *final* compensation of $735,848.50 for work performed as Co-Counsel to the Committee from September 11, 2007 through and including December 17, 2008 (the entire duration of DLA's representation) and allowance of actual and necessary expenses in the amount of $8,622.08, incurred during that same period, which are comprised of: (a) the New Fees ($113,975.00); (b) the New Expenses ($399.30); (c)

the previously awarded Interim Fees ($621,873.50); and (d) the previously awarded Interim Expenses ($8,222.78).

## III.   NOTICE; CASE STATUS

15.     In accordance with the Administrative Order, DLA has served this Application upon (i) the Trustee; (ii) counsel to the Trustee, Jenner & Block LLP, (iii) co-counsel to the Official Committee of Unsecured Creditors, Quinn Emmanuel, (iv) counsel to the Debtor and (v) the United States Trustee, Attn: M. Gretchen Silver and Roman Sukley.  The Application was also served electronically upon those entities having requested notices in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  Each Committee member was also served with the Application.  Notice of the hearing has been sent to all creditors pursuant to Rule 2002.  DLA submits that such notice is appropriate and proper.

16.     The Committee and Trustee have worked together since the date of the Committee's appointment to, among other things,: (i) understand the financial structure of the Debtor; (ii) institute the appropriate mechanism through which the securities held by the Debtor can be sold at the most advantageous pricing; (iii) negotiate with the Bank of New York on turnover of collateral; (iv) review potential causes of action which the Trustee can bring for the benefit of creditors; and (v) negotiate, propose and confirm a consensual Plan of Liquidation.

17.     To the best of DLA's knowledge, the Trustee has paid to the United States Trustee's office all quarterly fees due and owing.

## IV.   NATURE OF LEGAL SERVICES PERFORMED BY DLA

18.     DLA has served as co-counsel to the Committee at all times during this case and DLA attorneys have devoted substantial time to numerous and complex legal matters. All services and costs for which compensation is requested by DLA in this Application were

CENTRAL\31176571.1

reasonable and necessary and were performed for and on behalf of the Committee, and not for or on behalf of any other person.

19.    As detailed above, DLA has filed three interim fee applications.  These interim applications were subject to prior Bankruptcy Court and creditor scrutiny, review and approval. Accordingly, for efficiency sake and to avoid redundancy, the detailed billing entries contained herein and attached hereto relate solely to the New Application Period.  The three interim fee applications, which are voluminous, are available for review upon request.  The Court has previously ruled upon these applications.

20.    All of the professional services that DLA rendered to the Committee during the New Application Period are set forth in detail in Exhibit "A," through Exhibit "D" segregated according to project billing categories pursuant to Local Rule 5082-1, as described below.

**A.** **Avoidance Actions – 004**:  (Total Hours: 2.50, Total Fees: $1,625.00)

21.    During this Application Period, DLA attorneys reviewed drafts of several complaints which the Trustee filed against various Seg 1 customers seeking to avoid preferential transfers.

22.    In connection with the foregoing, DLA attorneys expended 2.50 hours for which DLA seeks compensation of $1,625.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 2.50 | $1,625.00 |
| **Total** | **2.50** | **$1,625.00** |

**B.** **Case Administration – 006**:  (Total Hours: 21.90, Total Fees: $13,335.00)

23.    During this Application Period, DLA attorneys conducted and participated in regular meetings and teleconferences with Quinn Emanuel and Trustee's counsel and financial

CENTRAL\31176571.1

advisors regarding all aspects of this Chapter 11 case.  It was necessary for DLA attorneys to review memoranda and analyses prepared by the Trustee's professionals in order to have meaningful discussions during these conference calls.  Issues related to the Committee's website, working with Quinn Emanuel to transition the website to the Garden City Group and responding to queries forwarded to the website as well as updating its content were also performed by DLA attorneys during this time period and are included in this category.  DLA attorneys also reviewed and responded to correspondence with the Trustee regarding issues effecting the liquidation of this estate and routinely conferred with Committee members on the status of pending matters.

24.     DLA attorneys worked with the Trustee's counsel to respond to Bank of New York's request to withdraw the reference.  Further, DLA attorneys prepared for numerous court hearings, reviewed pleadings and communicated with other creditors and parties in interest regarding status of the case.  DLA attorneys also reviewed and analyzed the monthly operating reports prepared by the Trustee and reviewed transaction summaries.

25.     In connection with the foregoing, DLA attorneys expended 21.90 hours for which DLA seeks compensation of $13,335.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 13.60 | $9,860.00 |
| Marc I. Fenton | 3.50 | $2,275.00 |
| Nina H. Taylor | 4.80 | $1,200.00 |
| **Total** | **21.90** | **$13,335.00** |

C. **Claims Administration – 008**: (Total Hours: 1.00; Total Fees: $650.00)

26.     During this Application Period, DLA attorneys reviewed various notices of claims transfers.  DLA attorneys also worked with Trustee's counsel in filing and prosecuting the First Omnibus Objection to Claims.

8

27.     In connection with the foregoing, DLA attorneys expended 1.00 hours for which DLA seeks compensation of $650.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 1.00 | $650.00 |
| **Total** | **1.00** | **$650.00** |

**D.  Court Appearances – 009**: (Total Hours: 12.60; Total Fees: $8,767.50)

28.     During this Application Period, DLA attorneys made numerous court appearances on motions filed by the Trustee, including, but not limited to, Trustee's Motion for Turnover, entering into Consent Judgment with the SEC and to settle with the Bank of New York.  Other matters which required attendance in court included the Trustee's and Committee's fee applications and to monitor the adversary proceedings filed by the Trustee against the Bank of New York.  The Committee also monitored the Bank of New York's Motion to Lift Stay, Dismiss Claim Objection and the Seg 1 Motion to Lift Stay.

29.     In connection with the foregoing, DLA attorneys expended 12.60 hours for which DLA seeks compensation of $8,767.50.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 7.70 | $5,582.50 |
| Marc I. Fenton | 4.90 | $3,185.00 |
| **Total** | **12.60** | **$8,767.50** |

**E.  Creditors Meetings / Committee Matters – 010**:
(Total Hours: 45.20, Total Fees: $30,325.00)

30.     During this Application Period, DLA attorneys, Co-Counsel and the Committee conducted telephonic conference calls on a weekly basis with the Trustee and his counsel as well as their professionals.  These meetings were necessary due to the complex nature of this case and

9

the myriad of issues, both under the Bankruptcy Code and securities law, so that ideas could be exchanged and strategies developed for the liquidation of securities and other matters of importance to the estate.  Further, due to the significant dollars involved and the potential for dramatic economic losses to the Committee members and other creditors, these meetings continued the framework for cooperation between the Trustee and Committee.    Several Committee meetings involved extensive discussions and negotiations by and amongst the Committee members to discuss the framework and mechanics of settling with the Bank of New York and amending the Liquidating Plan to comport with a Settlement.  Significant discussions were also conducted on the issues raised by this Court's August 20, 2007 Order and the positions to be taken by the Trustee and Committee.  It was necessary to have these meetings due to the time sensitive nature of the issues involved, capital market volatility and the need to communicate regularly with the Trustee as the Trustee continued his investigation of Sentinel's business dealings.

31.    Other matters included within this category included responding to Committee governance issues.  DLA attorneys also responded to creditor inquiries on the web site established for the Committee.  DLA attorneys also reviewed various spreadsheets from Trustee's financial advisors discussing sales of securities as well as cash flow statements and relayed that information to Committee Members.  Finally, DLA attorneys also needed to confer with the Committee and the Trustee regarding the involuntary bankruptcy case the Trustee filed against Sentinel Investment Group.

32.    In connection with the foregoing, DLA attorneys expended 45.20 hours for which DLA seeks compensation of $30,325.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 12.60 | $9,135.00 |
| Marc I. Fenton | 32.60 | $21,190.00 |
| **Total** | **45.20** | **$30,325.00** |

**F.  Litigation General – 018**: (Total Hours: 41.30, Total Fees: $29,575.00)

33.      During this Application Period, DLA attorneys expended a significant amount of time working with the Trustee to perfect a litigation strategy regarding his Rule 60(b) Motion for the Court to Clarify or Vacate its August 20, 2007 Order.  There was significant briefing on this key issue which the Committee needed to be prepared to respond and argue.  If the Committee and Trustee did not successfully prosecute this motion, the Plan of Liquidation would have been severely impacted.  DLA attorneys also reviewed complaints by the Trustee avoid transfers, reviewed draft settlement agreements with the Bank of New York and reviewed pleadings relevant to the Ad Hoc Committee Motion for Stay as well as various Seg 1 motions.

34.      In connection with the foregoing, DLA attorneys expended 41.30 hours for which DLA seeks compensation of $29,575.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 36.40 | $26,390.00 |
| Marc I. Fenton | 4.90 | $3,185.00 |
| **Total** | **41.30** | **$29,575.00** |

**G.  Regulatory Matters – 020**: (Total Hours: 0.90, Total Fees: $585.00)

35.      During this Application Period, DLA attorneys monitored the lawsuit filed in the District Court for the Northern District of Illinois by the SEC against Sentinel and kept the Committee advised of the status of that proceeding.  DLA attorneys also reviewed and commented upon the Motion to enter into Consent Judgment with the SEC.

CENTRAL\31176571.1

36.    In connection with the foregoing, DLA attorneys expended 0.90 hours for which DLA seeks compensation of $585.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 0.90 | $585.00 |
| **Total** | **0.90** | **$585.00** |

**H.   Reorganization Plan – 021**: (Total Hours: 8.60, Total Fees: $5,950.00)

37.    During this Application Period, DLA attorneys focused on preparing briefs in support of confirmation of the Plan.  Further, once the Plan was confirmed, it was vital that DLA attorneys review and be prepared to argue in favor of the Plan and have the Court overrule post-confirmation objections filed by the Plan Objectors.  DLA attorneys reviewed and responded to post-confirmation objections.

38.    In connection with the foregoing, DLA attorneys expended 8.60 hours for which DLA seeks compensation of $5,950.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 4.80 | $3,480.00 |
| Marc I. Fenton | 3.80 | $2,470.00 |
| **Total** | **8.60** | **$5,950.00** |

**I.   Retention / Fee Matters (DLA Piper) – 023:** (Total Hours: 50.70, Total Fees: $18,955.00)

39.    During this Application Period, DLA attorneys prepared the third interim fee application, and reviewed the docket to prepare for a hearing in the event objections were filed.  Also included in this category is the preparation of the monthly fee statements required pursuant to the Administrative Order.  DLA is also requesting that this Court authorize and allow a total of 16.00 hours or $5,475.00 for the preparation and filing of the final fee petition.

40.    In connection with the foregoing, DLA attorneys expended 50.70 hours[2] for which DLA seeks compensation of $18,955.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 3.80 | $2,755.00 |
| Marc I. Fenton | 7.50 | $4,875.00 |
| Nina H. Taylor | 23.40 | $5,850.00 |
| **Total** | **34.70** | **$13,480.00** |

**J.  Retention / Fee Matters (Others) – 024:** (Total Hours: 5.20, Total Fees: $3,167.50)

41.    During this Application Period, DLA attorneys reviewed the monthly fee requests of Co-counsel, Trustee's counsel and Trustee's financial advisors.  DLA attorneys also reviewed and discussed with the Committee, the third interim fee applications of these parties.

42.    In connection with the foregoing, DLA attorneys expended 5.20 hours for which DLA seeks compensation of $3,167.50.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 2.50 | $1,812.50 |
| Marc I. Fenton | 1.70 | $1,105.00 |
| Nina H. Taylor | 1.00 | $250.00 |
| **Total** | **5.20** | **$3,167.50** |

**K.  Secured Claims – 025:** (Total Hours: 1.60, Total Fees: $1,040.00)

43.    During this Application Period, DLA attorneys reviewed various pleadings filed by Bank of New York regarding relief from stay and attended hearings on this issue as well.

---

[2] This figure includes the time to prepare the final fee petition.

CENTRAL\31176571.1

44.     In connection with the foregoing, DLA attorneys expended 1.60 hours for which DLA seeks compensation of $1,040.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 1.60 | $1,040.00 |
| **Total** | **1.60** | **$1,040.00** |

**L.  Statement of Expenses:** (DLA Total Expenses: $399.30)

45.     DLA has also incurred or accrued expenses of $399.30 for, among other things, photocopy charges (at 10 cents per page), local travel and delivery charges (at actual cost).  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "D."  A general breakdown is as follows:

### EXPENSE SUMMARY

| Expense Category | Total Expenses |
|------------------|----------------|
| Delivery Services | $42.00 |
| Duplicating (at $0.10 per copy) | $336.30 |
| Local Travel | $21.00 |
| **Total** | **$399.30** |

## V.   APPLICABLE LEGAL STANDARDS AND CRITERIA

46.     Section 330 of the Bankruptcy Code provides, in relevant part:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—

(A)     reasonable compensation for actual, necessary services rendered by . . . such person; and

(B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

CENTRAL\31176571.1

47.    Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."

\* \* \*

. . . services performed by attorneys representing debtors must produce a benefit to the estate in order to be fully compensable from the estate.

In re Grabill Corp., 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted).

In assessing the reasonableness of attorneys' fees under section 330, this Court has considered the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

48.    Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate.  As the United States Court of Appeals for the First Circuit Court has recognized:

[I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the

15

other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted).  The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach.  See Steinlauf v. Continental Illinois Corp. (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."). Similarly, this Court has reasoned that "the attorney/client relationship [i]s one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." In re Famisaran, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

## VI.    APPLICATION OF RELEVANT CRITERIA AND STANDARDS TO THIS COMPENSATION REQUEST

49.     In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by DLA, the reasonableness of the services rendered and the results achieved.  All of the services performed by DLA were required for the proper representation of the Committee in this case, to the extent necessary, were authorized by the Court and were performed by DLA at the request and direction of the Committee.  Pursuant to Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of DLA's services are compensable.

50.    The amount of services rendered by DLA to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the complexity of the issues involved in this case.    DLA attorneys allocated responsibilities among attorneys at DLA to minimize possible duplication of efforts.    Compensation is sought for participation in one task by more than one attorney of DLA only in instances where joint participation was necessary because of the significant impact of a particular hearing or meeting, the complexity of the problems involved, the magnitude of the work to be performed, and the specialization required or the need to preserve a continuity of representation.    In a case of this magnitude and complexity, it is often more economical and sometimes necessary for multiple attorneys to attend a meeting or hearing to facilitate communication of information than to relay the information from attorney to attorney.    In similar situations, such representation has been approved.    See, e.g., Berberana v. Coler, 753 F.2d 629, 631 (7th Cir. 1985).    For example, on certain occasions, more than one DLA attorney attended meetings in this case when numerous matters were to be discussed and it would have been virtually impossible for one attorney to participate in a meaningful manner in all discussions.

51.    Furthermore, as reflected in the fee applications of DLA and Quinn Emanuel (co-counsel to the Committee), the two firms have attempted to avoid duplication of efforts by carefully delegating and rendering services with regard to discrete issues in the case.    As this Court is aware, where appropriate, Quinn Emmanuel has assumed responsibility for various matters and often taken the lead in presenting and responding to such matters.    DLA attorneys handled most of the court appearances, so much of the work done by DLA attorneys was in preparation for Court.    In short, other than in attendance at Committee meetings, there has been little, if any, actual duplication of efforts between DLA and Quinn Emanuel in these areas.

CENTRAL\31176571.1

52.     The experience and expertise in bankruptcy cases and the quality of the services brought to this case by DLA further supports the requested compensation.  This law firm has charged the estate the normal and customary hourly rates for similar services rendered in like circumstances to other clients.  Furthermore, the rates at which DLA seeks compensation are its standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other clients.  The rates are comparable to the rates charged by other practitioners of similar experience, competence and standing in the community.

53.     Given the challenging circumstances of this case, and the results achieved, including but not limited to, confirmation of a Plan of Liquidation and partial settlement with the largest creditor, the Bank of New York, all of which will provide a dividend to unsecured creditors, DLA submits that its hourly rates and hours for which compensation is sought are reasonable and appropriate.  The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of DLA in this case, and the results achieved thus far for the benefit of the creditors of this estate.

## VII.   STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

54.     No agreement exists between DLA and any third person for the sharing of compensation received by DLA in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of DLA.

55.     During the New Application Period, DLA has devoted 191.50 hours to represent the Committee with respect to categories (A)-(K) above, and has provided the Committee with

CENTRAL\31176571.1

actual and necessary legal services worth a total of $113,975.00 and has incurred expenses totaling $399.30.

56.    A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibit "A" through Exhibit "D".

57.    A computer generated statement of expenses incurred by DLA is attached hereto as Exhibit "A" through Exhibit "D".

58.    Attached hereto as Exhibit "E" is the Affidavit of Mark A. Berkoff attesting to, among other things, the accuracy of the information set forth in Exhibits "A" through "D" of this Application.

59.    Attached to this Application as Exhibit "F" is a biographical sketch (including billing rates) of each professional whose time is reflected in Exhibit "A" through Exhibit "D" of this Application.  Exhibit "F" also includes the name (and billing rates) of paralegals whose time is reflected in Exhibit "A" through Exhibit "D".

**WHEREFORE,** DLA Piper LLP (US), co-counsel for the Committee herein, respectfully requests that this Court enter an Order authorizing and approving:

A.    Final compensation in the amount of **$735,848.50**, incurred for actual, necessary and valuable professional services rendered to the Committee from September 11,  2007 through and including December 17, 2008;

B.    Final reimbursement of expenses totaling **$8,622.08** incurred in connection with DLA's representation of the Committee from September 11, 2007 through and including December 17, 2008;

19

C.      Granting such other and further consistent relief as the Court may deem equitable

and just.

Dated: January 23, 2009                              Respectfully Submitted,

                                                     DLA PIPER LLP (US)


                                                     By:  _/s/ Mark A. Berkoff_____
                                                          Mark A. Berkoff (ARDC #06194797)
                                                          Marc I. Fenton (ARDC #06180633)
                                                          203 N. LaSalle Street
                                                          Suite 1900
                                                          Chicago, IL  60601-1293
                                                          (312) 368-4000

                                                     *Co-Counsel to the Official Committee of
                                                     Unsecured Creditors of Sentinel Management
                                                     Group, Inc.*

CENTRAL\31176571.1

## CERTIFICATE OF SERVICE

Mark A. Berkoff, an attorney, certifies that on January 23, 2009, he caused the foregoing

*Fourth and Final Fee Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Official Committee of Unsecured Creditors of Sentinel Management Group, Inc. for the Period from September 11, 2007 through and including December 17, 2008* (the "Application") to be filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to the following parties:

R Scott Alsterda
rsalsterda@uhlaw.com

Richard M Bendix
rbendix@dykema.com,
nrakunas@dykema.com

Gennice D Brickhouse    ,
efile@pbgc.gov

Timothy R Casey
timothy.casey@dbr.com

Nathan F Coco
ncoco@mwe.com

David S. Curry
dcurry@mayerbrown.com

William A. Evanoff
wevanoff@sidley.com,
efilingnotice@sidley.com

Benjamin I Finestone
benjaminfinestone@quinnemanuel.com

Ira P Goldberg
igoldberg@dimontelaw.com,
dbecker@dimontelaw.com

Stephanie Hor
shor@vedderprice.com,
ecf_docket@vedderprice.com;jwilson@vedderprice.com

Harold L. Kaplan
hkaplan@gcd.com

Janice A Alwin
jalwin@shawgussis.com

Mark A Berkoff
mark.berkoff@dlapiper.com,
cheryl.dennis@dlapiper.com

Abraham Brustein
abrustein@dimonteandlizak.com

Robert B. Christie
rchristie@henderson-lyman.com

James C Conley    ,
ckarlshoej@vgmlaw.com

Angela D Dodd
dodda@sec.gov

Nancy G Everett
neverett@winston.com,
ECF_Bank@winston.com

J Mark Fisher
mfisher@schiffhardin.com,
edocket@schiffhardin.com;sricciardi@schiffhardin.com

Geoffrey S. Goodman
ggoodman@foley.com,
egreen@foley.com;khall@foley.com

Gregory J Jordan
gjordan@akjltd.com

Randall Klein
randall.klein@goldbergkohn.com,
amy.halpin@goldbergkohn.com

Ronald Barliant
ronald.barliant@goldbergkohn.com

Ira Bodenstein
ibodenstein@shawgussis.com

Terence Campbell
tcwolfram@aol.com

Patrick A Clisham
pclisham@shawgussis.com

William J Connelly
wconnelly@hinshawlaw.com

Michael M. Eidelman
meidelman@vedderprice.com, ecf-docket@vedderprice.com

Marc I Fenton
marc.fenton@dlapiper.com

Robert M Fishman
rfishman@shawgussis.com

Jennifer B Herzog
jherzog@gklaw.com

Harold L. Kaplan
harold.kaplan@dbr.com

Vincent E. Lazar
vlazar@jenner.com,
lyap@jenner.com;jeberhard@jenner.com;docketing@jenner.com

21

Joanne Lee
jlee@foley.com

Eric J Malnar
ejm@hannafanlaw.com

Jill L Murch
jmurch@foley.com,
mquintero@foley.com;rbressler@foley.com

Michael W Ott
mott@mayerbrown.com

N Neville Reid
nreid@mayerbrown.com,
mclyle@mayerbrown.com

Joel A Schechter
joelschechter@covad.net

Robert V. Shannon
rshannon@bellboyd.com,
docket@bellboyd.com

Morgan M. Smith
mmsmith@dykema.com,
truckman@dykema.com

Zhiyuan Xu
mxu@schiffhardin.com

Monika J. Machen
mmachen@sonnenschein.com

William J McKenna
wmckenna@foley.com,
khall@foley.com

William T Neary
USTPRegion11.ES.ECF@usdoj.gov

Mark Page
mpage@kelleydrye.com,
BankruptcyDepartment@Kelleydrye.com

Elizabeth E Richert
erichert@colemanlawfirm.com,
jjohnson@colemanlawfirm.com

Ryan T Schultz
rschultz@mwe.com

Peter A Siddiqui
peter.siddiqui@kattenlaw.com

Dennis M Twomey
dtwomey@sidley.com,
efilingnotice@sidley.com;bkrakauer@sidley.com

Peter J Young
pyoung@winston.com

Sajida A Mahdi
smahdi@mayerbrown.com

James J McNamara
jmcnamara@srzlaw.com,
rtrizna@srzlaw.com;dgiangrossi@srzlaw.com

Timothy F Nixon
tnixon@gklaw.com,
zraiche@gklaw.com

Kathryn A Pamenter
kathryn.pamenter@goldbergkohn.com

Bella Rozenberg
brozenberg@cftc.gov

Sean T Scott
stscott@mayerbrown.com,
btrust@mayerbrown.com;agolianopoulos@mayerbrown.com;cwilliams-pugh@mayerbrown.com

John P Sieger
john.sieger@kattenlaw.com

Andrew L. Wool
andrew.wool@kattenlaw.com,
ecfdocket@kattenlaw.com

In addition, the Application was served via regular U.S. mail, postage prepaid, upon the parties listed on the attached service list.

Parties may access this filing through the Court's CM/ECF system.

*/s/ Mark A. Berkoff*
Mark A. Berkoff (ARDC No. 06194787)
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, IL  60601-1293
(312) 368-4000

CENTRAL\31176571.1

Frederick J. Grede
Chapter 11 Trustee
c/o Jenner & Block LLP
330 North Wabash Avenue
Chicago, IL  60611

Catherine L. Steege
Christine L. Childers
Vincent E. Lazar
Chris C. Gair
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL  60611

Kathryn A. Pamenter
Randall Klein, William C. Meyers
Ronald Barliant
Goldberg, Kohn, Bell, Black, et al.
Suite 3700
55 East Monroe Street
Chicago, IL  60603

M. Gretchen Silver/Roman Sukley
Office of the U.S. Trustee, Region 11
Room 873
Dirksen Federal Court House
219 South Dearborn Street
Chicago, IL  60604

Susheel Kirpalani
Benjamin I. Finestone
Quinn Emanuel Urquhart Oliver & Hedges, LLP
22nd Floor
51 Madison Avenue
New York, NY  10010

William DiSomma
Jump Trading
600 W. Chicago Ave #825
Chicago, IL  60610

Philippe Jordan
Discus Master Ltd
CraigMuir Chambers
P.O. Box 71
Road Town, Tortola
British Virgin Islands

Carl Gilmore
Pension GHCO
600 W. Chicago Ave #775
Chicago, IL  60610

Rotchford L. Barker
40 County Road 2AC
P.O. Box 2080
Cody, WY  82414

John Moody, Managing Member
JE Moody & Company LLC
General Partner of
JEM Commodity Relative Value Fund LP
1020 SW Taylor Street, Suite 200
Portland, OR  97205

CENTRAL\30605850.1

Michael Doherty
Vision Financial Markets LLC
4 High Ridge Park #100
Stamford, CT  06905

Timothy Currie
BC Capital Fund A, LLC and
BC Capital Fund B, LLC
2813 Northwood Circle
Corning, NY  14830

Carmen Soldato
Kottke Associates LLC
141 W. Jackson #1220
Chicago, IL  60604

Clarence C. Delbridge, III
FC Stone LLC
141 W. Jackson, Suite #2730
Chicago, IL  60604