IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **Sentinel Management Group, Inc.,** | ) | Case No. 07-14987 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |
| | ) | |

**FINAL APPLICATION OF ALAN D. LASKO & ASSOCIATES, PC
AS TAX ACCOUNTANTS FOR FREDERICK J. GREDE AS THE CHAPTER 11
TRUSTEE FOR SENTINAL MANAGEMENT GROUP, INC. FOR
COMPENSATION FOR SERVICES RENDERD AND FOR REIMBURSEMENT OF
EXPENSES INCURRED DURING THE PERIOD FROM
JANUARY 22, 2008 TO DECEMBER 17, 2008**

Alan D. Lasko & Associates, PC (ADLPC), Tax Accountants to Frederick J. Grede as the Chapter 11 Trustee (the "Trustee") for Sentinel Management Group, Inc. (the "Debtor" or "Sentinel"), pursuant to 11 U.S.C. §§ 330, the Order Approving Appointment of a Trustee (the "Trustee Retention Order"), the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals, the Trustee and Committee Members entered by this Court on November 8, 2007 (the "Administrative Order") and the Stipulation and Consent Order Regarding Adequate Protection of Customer Interests entered by this Court on January 10, 2008 (the "Customer Adequate Protection Stipulation"), hereby submits its Final Application (the "Application") for allowance and payment of compensation in the amount of $62,600.60 for actual, reasonable and necessary professional services rendered for the period from January 22, 2008 through December 17, 2008 (the "Final Compensation Period") and reimbursement for the actual, reasonable and necessary expenses incurred of $327.01 during the period from Final Compensation Period, which includes time spent subsequent to December 17, 2008 for preparation of this Application.  In further support of this Application, ADLPC respectfully states as follows:

1

## I.     INTRODUCTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein is section 330 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines"), the Administrative Order and the Customer Adequate Protection Stipulation (collectively, the "Guidelines").

## II.    SUMMARY OF SENTINEL'S CASE

3. Sentinel is an Illinois corporation, headquartered in Northbrook, Illinois. Sentinel is registered with the Securities and Exchange Commission ("SEC") as an investment adviser ("Investment Adviser"), and with the Commodity Futures Trading Commission ("CFTC") as a futures commission merchant ("FCM"). It is also a member of the National Futures Association ("NFA"), which is Sentinel's designated self-regulatory organization.

4. Sentinel managed investments of cash for various clients, including other FCMs, hedge funds, financial institutions, pension funds, and individuals. As of July 31, 2007, Sentinel claimed to have $1.5 billion in client assets under management.

5. Sentinel divided its customers into four groups, and under applicable law was supposed to strictly segregate the investments of these three customer groups from each other and from Sentinel's own funds.

6. The first customer group, known within Sentinel as SEG 1, was supposed to consist solely of the funds and property of customers of other FCMs, which typically invested their customers' funds at Sentinel in order to take advantage of Sentinel's purported investment expertise and to obtain a higher rate of return on those customer funds. The investment of SEG 1 funds was supposed to be subject to the strict investment standards embodied in CFTC Rule1.25.

7. The second customer group, known within Sentinel as SEG 2, was supposed to consist solely of the funds and property of customers of other FCMs that were engaged in trading at foreign exchanges, invested in accordance with CFTC Rule 30.7.

8. The third customer group, known within Sentinel as SEG 3, was supposed to consist of the funds and property of all other types of clients, including FCM house (i.e., non-customer) funds, as well as the funds and property of hedge funds, trust accounts, endowments and individuals.

9. The fourth customer group, known within Sentinel as SEG 4, was supposed to consist of funds and property denominated in Euros.

10. On August 13, 2007, Sentinel sent a letter to its customers representing that it could no longer honor redemption due to a liquidity crisis.

11. On August 16, 2007, Sentinel entered into an agreement to sell to Citadel Equity Fund, Ltd. and Citadel Limited Partnership the bulk of the securities purportedly associated with SEG 1 customer accounts for approximately $318 million.

12. On August 16 and 17, 2007, several SEG 1 customers sued Sentinel and sought and obtained temporary restraining orders prohibiting transfers of securities purportedly

segregated for their benefit. On the afternoon of August 17, the NFA issued a Member Responsibility Action prohibiting Sentinel from selling, transferring, encumbering or otherwise disposing of certain assets.

13. On the evening of August 17, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

14. On August 20, 2007, the Debtor distributed what was purported to be the proceeds of the Citadel sales transaction to SEG 1 customers. Soon thereafter, the Debtor consented to the appointment of a Chapter 11 Trustee.

15. Pursuant to Orders of this Court dated August 23 and 29, 2007, on August 28, 2007, Frederick J. Grede was appointed as the Chapter 11 Trustee of the Debtor by the United States Trustee. He has accepted his appointment, and is acting, duly qualified, as Trustee of the Debtor.

16. On January 11, 2008, the Trustee filed an application for authority to employ ADLPC as tax accountants for the group.

17. On January 22, 2008, the Court authorized the employment of ADLPC as the tax accountants effective as of January 22, 2008. A copy of the Order Approving the Application to Retain and Employ ADLPC (the "Retention Order") is annexed hereto as Exhibit A.

### III. PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

18. On January 22, 2008, the Court entered the Retention Order authorizing the employment of ADLPC as tax accountants effective as of January 22, 2008, annexed hereto as Exhibit A.

19. On November 8, 2007, the Court entered the Administrative Order. Pursuant to the Administrative Order, the Court established a procedure for interim compensation and reimbursement of expenses for professionals appointed in these cases.

20. On January 10, 2008, the Court entered the Customer Adequate Protection Stipulation, pursuant to which customers of the Debtor are granted adequate protection, if applicable and as set forth in the Customer Adequate Protection Stipulation, pursuant to section 361 and 363(e), for the use of property to make payments to professionals in accordance with the Administrative Order.

21. The hourly rates charged by ADLPC for the services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided. In the ordinary course of business, ADLPC periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business.

22. For the period September 1, 2008 through December 17, 2008 (the "Current Compensation Period"), ADLPC has submitted four monthly fee statements to the Notice Parties. Three have been paid and one has not yet been paid to date. The paid statements are as follows:

|  | First Fee Statement | Second Fee Statement | Third Fee Statement |  |
|---|---|---|---|---|
| Period | 09/01/08-09/30/08 | 10/01/08-10/31/08 | 11/01/08-11/30/08 | Total |
| Total Fees | $9,930.40 | $9,248.70 | $10,527.30 | $29,706.40 |
| Total Expenses | 72.90 | 0.00 | 14.00 | 86.90 |
| Total | $10,003.30 | $9,248.70 | $10,541.30 | $29,793.30 |
| 80% Fees | $7,944.32 | $7,398.96 | $8,421.84 | $23,765.12 |
| Total Expenses | 72.90 | 0.00 | 14.00 | 86.90 |
| Total | $8,017.22 | $7,398.96 | $8,435.84 | $23,852.02 |
| **Holdback** | $1,986.08 | $1,849.74 | $2,105.46 | $5,941.28 |
| Paid Fees | $7,944.32 | $7,398.96 | $8,421.84 | $23,765.12 |
| Paid Expenses | 72.90 | 0.00 | 14.00 | 86.90 |
| Total | $8,017.22 | $7,398.96 | $8,435.84 | $23,852.02 |

23. ADLPC's unpaid fee statement for the period December 1, 2008 to December 17, 2008 is as follows:

    a. Time Period – 12/01/08 – 12/17/08
    b. Total Fees - $8,229.80
    c. Total Expenses - $0.00
    d. 80% of Fees Requested and unpaid at 12/17/08 - $6,583.84
    e. 100% of Fees Requested and unpaid at 12/17/08 - $8,229.80

It should be noted that the total amount of compensation requested for the Current Compensation Period, plus time related to the preparation of this Fee Application of $551.50, totals $38,487.70 in fees and $86.90 in expenses.

24. In accordance with the Guidelines, ADLPC seeks final allowance and payment herein of (a) compensation in the amount of $38,487.70 for the actual, reasonable and necessary professional services rendered to the Trustee and reimbursement of $86.90 for the actual, reasonable and necessary expenses incurred for the Current Compensation Period, and (b) total compensation in the amount of $62,600.60 for the actual, reasonable and necessary professional services rendered to the Trustee and reimbursement of $327.01 for the actual, reasonable and necessary expenses incurred during the Final Compensation Period.

25.     The fees sought by this Final Application reflect an aggregate of 249.0 hours of ADLPC's time spent and recorded in performing services during the Current Compensation Period and a total aggregate of 404.7 hours in the Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

26.     All of the services for which compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other periond.

27.     ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

28.     ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

29.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Compensation Period, but were not processed prior to the preparation of this Final Application, ADLPC reserves the right to request additional compensation for such services and reimbursement of such expenses.

30. ADLPC maintains written records of the time expended in the rendition of the professional services provided. As previously reflected, consolidated summaries of the fee statements were provided to the Notice Parties in the Final Compensation Period. Also, attached hereto as Exhibits B and C are the comprehensive time and expense detail for the Current Compensation Period provided to the Notice Parties. Attached as Exhibit D is the time related to the preparation of this Fee Application that is not part of the fee statements. These exhibits set forth the aggregate time expended, the hourly billing rate and detailed description of work performed during the Current Compensation Period. The compensation requested by ADLPC is based on the customary compensation charged by comparably skilled practitioners in these cases.

### IV.   SUMMARY OF PROFESSIONAL SERVICES RENDERED

31. Because the First Interim Application contains lengthy descriptions of matters handled during that time period, this Application does not repeat all of that detail. The following descriptions of matters therefore pertain solely to matters handled during the Current Compensation Period. During the Current Compensation Period, ADLPC performed a wide variety of tasks in connection with the gathering of information of the Debtor's case related to the necessary tax preparation for 2006 and 2007. Research was performed related to the losses and issues of the Debtor's activities, as well as potential tax effects to the Estate for various lawsuits filed by the Trustee.

### Year-End Work

32. The Applicant has incurred 59.3 hours in the Current Compensation Period related to the preparation of the income tax returns of the Debtor (consolidated group) for the tax years 2006 and 2007. The work included, but was not limited to the following:

- Meeting with Trustee and counsel regarding various tax issues and extension issues for consolidated group and updated meeting regarding several specific items about the tax preparation and potential refunds to the Estate.

8

- Reviewed Debtor's year 2005 consolidated federal and state income tax returns.

- Initial preparation of various workpapers for each company within the consolidated group for 2006 and 2007.

- Preparation of various workpapers for each company within the consolidated group for 2006 and 2007.

- Workpaper preparation included, but was not limited to, review of intercompany accounts, updating depreciation schedule of assets for regular and alternative minimum tax preparation and review of prior year's book to tax adjustments and eliminating entries between consolidated group companies.

- Review of work performed, i.e., workpapers and tax returns by company and by consolidated group for 2006 and 2007 federal and state income tax returns

- Meetings with Trustee and counsel to review results of operations of Debtor pre- and post-bankruptcy filings and the related tax effects to the Estate.

- Preparation of Internal Revenue Service 60-day letters for 2006 and 2007 for filing copy with Special Procedures.

The cost of this work is $11,032.90.

**Tax Research**

33.   During the Current Compensation Period, ADLPC has incurred (including the unpaid December 2008 statement) 68.0 hours regarding various research projects performed, mostly as requested by the Trustee and tax counsel. The work included, but was not limited to the following:

- Research regarding deductibility of administrative expenses in regards to a liquidating Chapter 11 bankruptcy proceeding.

- Calls with and meeting with Trustee's tax counsel regarding cases noted and issues thereof.

- Review of lawsuits filed by Trustee for purposes of considering the potential tax effect to the Estate.

- Perform research related to said potential outcomes of the lawsuits.

- Meeting with Trustee's tax counsel to review same.

The cost of this work is $11,494.99.

**Amended Returns**

34.    During the Current Compensation Period, ADLPC has incurred 121.7 hours in the preparation of the years 2004 and 2005 amended consolidated federal and state income tax returns. In addition, time was spent regarding the initial draft, but not completion, of the year 2006 federal and state consolidated amended income tax returns. The work included, but was not limited to, the following:

- Review of Debtor's consolidated federal and state years 2004 and 2005 returns.
- Review of prior year's consolidating entries and related issues thereof.
- Review of Unitary (consolidated state) net operating losses and changes thereto.
- Carried back year 2007 capital loss to the tax year 2004.
- Carried forward unused capital loss from 2004 to 2005.
- Carried back net operating loss from 2007 to 2005.

There are substantial refund claims pending with the Internal Revenue Service at this time. If approved, there will also be refund claims to be received from the State of Illinois.

The cost of this work is $15,409.30.

**Fee Application**

35.    During the Current Compensation Period, ADLPC has incurred 4.5 hours related to the preparation of this Application. The cost of this work not reflected above is $551.50.

36.    To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with the Administrative Order, ADLPC has summarized the services provided by the project billing categories for the Current Compensation Period.

| Description | Hours | Fees | Blended Rate |
|---|---|---|---|
| Year-End Tax Work | 59.3 | $11,032.90 | $186.05 |
| Tax Research | 68.0 | 11,494.00 | 169.02 |
| Amended Returns | 121.7 | 15,409.30 | 126.61 |
| Fee Application | 4.5 | 551.50 | 122.55 |
| Total | 253.5 | $38,487.70 | $154.86 |

Recap Reconciliations

| | |
|---|---|
| 2 Fee Statements Totals | $29,706.40 |
| 1 Fee Statement Unpaid | 8,229.80 |
| Fee Application Time Unpaid | 551.50 |
| Total Fees | $38,487.70 |

37.   To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with the Administrative Order, ADLPC has summarized the services provided by the project billing categories that were paid with the Application for the Final Compensation Period.

11

| Description | Hours | Fees | Blended Rate |
|---|---|---|---|
| Year-End Tax Work | 150.3 | $23,345.40 | $155.32 |
| Respond to Tax Authorities | 0.9 | 216.00 | 240.00 |
| Fee Application | 4.5 | 551.50 | 122.55 |
| Total | 155.7 | $24,112.90 | $154.86 |

Recap Reconciliations

| | |
|---|---|
| 2 Fee Statements Totals | $15,325.40 |
| 1 Fee Statement Unpaid | 8,236.00 |
| Fee Application Time Unpaid | 551.50 |
| Total Fees | $24,112.90 |

## V.   ALLOWANCE OF COMPENSATION

38.   The foregoing professional services rendered during the Current and Final Compensation Periods were necessary and appropriate to the administration of the Chapter 11 case and in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

39.   Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A)   the time spent on such services;

   (B)  the rates charged for such services;

   (C)  whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

   (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

   (E)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

40. In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this Final Compensation Period were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

41. The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would change throughout the country in any bankruptcy case of this size and prominence.

43. In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issued involved. As shown by this Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the compensation sought herein for the Final Compensation Period is warranted.

## VI.  CONCULSION

WHEREFORE, ADLPC respectfully requests (i) allowance and payment of compensation for professional services rendered during the Final Compensation Period in the amount of $62,600.60; (ii) reimbursement for actual necessary expenses ADLPC incurred during the Final Compensation Period in the amount of $327.01; and (iii) that the Court grant ADLPC such further relief as is just and proper.

Dated:    January 9, 2009

_____
Alan D. Lasko

Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois  60603

Tax Accountants for Frederick J. Grede as the Chapter 11 Trustee for Sentinel Management Group, Inc.